■ GEROSA PALADINO HOLDING CORPORATION, Respondent, v. MARTIN LIND, Appellant.— In an action to recover damages for injury to property caused by the defendant's alleged negligent operation of his automobile, the defendant appeals from an order of the Supreme Court, Queens County, dated April 26, 1963, which granted plaintiff's motion for summary judgment striking out defendant's answer and directing a trial on the issue of damages. Order reversed, with $10 costs and disbursements, and motion denied. In our opinion, the record presents issues of fact as to defendant's negligence; such issues should be resolved after a plenary trial. Ughetta, Kleinfeld, Brennan and Hill, JJ., concur; Beldock, P. J., dissents and votes to affirm the order on the authority of *Stanley* v. *Burnside* (10 A D 2d 652).

■ In the Matter of THOMAS DRUMM, Petitioner, v. ROY C. OLSON et al., Constituting the Board of Commissioners of the Police Force of the Incorporated Village of Sands Point, Respondents.— Proceeding by a police officer under former article 78 of the Civil Practice Act, to review and annul the determination of the Police Board of Commissioners of the Village of Sands Point, made after a hearing, which suspended petitioner from duty for 10 days without pay. By order of the Supreme Court, Nassau County, made November 29, 1962 pursuant to statute (Civ. Prac. Act, § 1296, now CPLR 7804, subd. [g]), the proceeding has been transferred to this court for disposition. Determination confirmed; and petition dismissed, without costs. Petitioner was charged with dereliction of duty and insubordination and found guilty. We find that the evidence amply supported the determination of the Police Board. The evidence also adequately supports the finding by the Police Board that petitioner refused to work because the sergeant signed him in on the police blotter 15 minutes later than he was due to report. The claim of error in the blotter entry was no excuse for petitioner's refusal to work. Other procedures were available to correct an erroneous entry on a police blotter affecting the time when a patrolman reports for duty. Kleinfeld, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.